

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL J. MONROE,

                                   Plaintiff,

                    -against-

COUNTY OF ROCKLAND; COUNTY
HOSPITAL DIETICIAN; FOOD SERVICE
SUPERVISOR MASI; ROCKLAND COUNTY
CORRECTIONAL FACILITY HEALTH
SERVICES/MEDICAL DEPARTMENT,

                                 Defendants.

---

21-CV-5244 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

      Plaintiff, currently incarcerated in the Rockland County Correctional Facility, brings this

*pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights.

By order dated August 20, 2021, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A.    Rockland County Correctional Facility Health Services/Medical Department

Plaintiff's claims against Rockland County Correctional Facility Health Services/Medical Department must be dismissed. Section 1983 provides that an action may be maintained against

2

a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C.
§ 1983. Rockland County Correctional Facility Health Services/Medical Department is not a
"person" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58
(1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div.,
Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the
meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420
(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a
"person" within the meaning of § 1983). Therefore, Plaintiff's claim against Rockland County
Correctional Facility Health Services/Medical Department is dismissed. *See* 28 U.S.C.
§ 1915(e)(2)(B)(ii).

## B.   County Hospital Dietician

Plaintiff's claims against the County Hospital Dietician must also be dismissed. To state a
claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and
personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of
Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal
involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award
of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held
liable under § 1983 solely because that defendant employs or supervises a person who violated
the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may
not be held liable for the unconstitutional conduct of their subordinates under a theory of
respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must
plead and prove the elements of the underlying constitutional violation directly against the
official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how the County Hospital Dietician was personally involved in the events underlying his claims. Plaintiff's claims against this defendant are therefore dismissed without prejudice to Plaintiff naming this defendant in an amended complaint, if he can allege the personal involvement of the County Hospital Dietician in the events underlying his claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    Service on the County of Rockland and Food Service Supervisor Masi**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants the County of Rockland and Food Service Supervisor Masi through the U.S. Marshals Service, the Clerk of Court is instructed to

fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Rockland County Correctional Facility Health Services/Medical Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

The Court dismisses Plaintiff's claims against the County Hospital Dietician without prejudice to Plaintiff's naming this defendant in an amended complaint if he can allege that the defendant was personally involved in the events underlying his claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for the County of Rockland and Food Service Supervisor Masi, and deliver all documents necessary to effect service to the U.S. Marshals Service.

An "Amended Civil Rights Complaint" form is attached to this order.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 25, 2021
         White Plains, New York

_____

VINCENT L. BRICCETTI
United States District Judge

6

## DEFENDANTS AND SERVICE ADDRESSES

1.      County of Rockland
        Rockland County Law Department
        11 New Hempstead Road
        New City, New York 10956

2.      Food Service Supervisor Masi
        Rockland County Correctional Facility
        53 New Hempstead Road
        New City, New York 10956

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: _____

First Name                     Last Name                          Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                          State                      Zip Code

Defendant 2: _____

First Name                     Last Name                          Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                          State                      Zip Code

Defendant 3: _____

First Name                     Last Name                          Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                          State                      Zip Code

Defendant 4: _____

First Name                     Last Name                          Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                          State                      Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| _____ | _____ |
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| _____ | _____ | _____ |
| First Name | Middle Initial | Last Name |

_____
Prison Address

| | | |
|---|---|---|
| _____ | _____ | _____ |
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing:  _____