Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

MICHAEL J. MONROE                                   :
                      Plaintiff,                    :
                                                    :
v.                                                  :
                                                    :
COUNTY OF ROCKLAND; FOOD SERVICE                    :    **AMENDED**
SUPERVISOR MASI; and NURSE                          :    **ORDER OF SERVICE**
ADMINISTRATOR JOULIANA                              :
PETRANAKER,                                         :    21 CV 5244 (VB)
                      Defendants.                   :
-------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/1/21

Plaintiff, proceeding pro se and in forma pauperis, brings claims under 42 U.S.C. § 1983

for violations of his constitutional rights.

Plaintiff commenced this action on June 11, 2021. (Doc. #2 ("complaint")). In plaintiff's

complaint, he asserted claims against the County of Rockland, the County Hospital Dietician,

Food Services Supervisor Masi, and the Rockland County Correctional Facility Health

Services/Medical Department.

On August 26, 2021, the Court issued an Order of Service, dismissing claims against

Rockland County Correctional Facility Health Services/Medical Department (the "Correctional

Facility") and the County Hospital Dietician. (Doc. #7 ("Order of Service") at ECF 2–3). In

particular, the Court dismissed claims against the Correctional Facility because actions brought

under Section 1983 cannot be maintained against governmental bodies, because they are not

"persons" within the meaning of the statute. See Will v. Mich. Dep't of State Police, 491 U.S.

58 (1989). Moreover, the Court dismissed claims against the County Hospital Dietician because

plaintiff failed to allege any direct involvement by that defendant in the alleged violation of

plaintiff's constitutional rights. See Tangreti v. Bachmann, 983 F.3d 609, 620 (2d Cir. 2020).

1

On September 7, 2021, plaintiff filed an amended complaint, re-alleging claims against the County Hospital Dietician and alleging claims against a new defendant, "Nurse Administrator Jouliana Petranaker." (See Doc. #10 ("amended complaint") at ECF 3–4).

I.    Claims Against the County Hospital Dietician

The amended complaint is nearly identical to the original complaint. Plaintiff alleges he is a vegetarian, but that the meals provided by the Correctional Facility are insufficiently varied. Plaintiff claims this amounts to deliberate indifference to serious medical needs, and cruel and unusual punishment. However, plaintiff now alleges he informed Nurse Administrator Jouliana Petranaker that he suffered from Type II diabetes and that he believed eating pasta six or seven times per week for a prolonged period of time put his health at serious risk. Plaintiff now asserts that defendant Food Service Supervisor Masi ("Masi") informed him the County Hospital Dietician "signed off and approved the menu for the vegetarians and general population." (amended complaint at ECF 5). Plaintiff attaches to the amended complaint copies of grievance forms stating "A County Hospital Dietician signs off and approves menus to ensure the meals contain the proper amount of nutrients and calories." (amended complaint at ECF 8). Plaintiff also alleges the "County Dietician should definitely know" about plaintiff's high levels of blood sugar and that "the effects of someone eating a diet high in pasta and other starches for a prolonged period of time is [going to be] dangerous to their health." (Id. at ECF 6).

Plaintiff's newly added allegations regarding the County Hospital Dietician are insufficient to rehabilitate his claims against that defendant. Plaintiff fails to allege any personal involvement by the County Hospital Dietician in crafting plaintiff's particular diet, rather than diets in Rockland County Correctional Facility generally. Moreover, plaintiff fails to allege the County Hospital Dietician actually had "subjective knowledge of a substantial risk of serious

2

harm" to plaintiff and disregarded that risk.  <u>Tangreti v. Bachmann</u>, 983 F.3d at 616 ("[F]or

deliberate-indifference claims under the Eighth Amendment against a prison supervisor, the

plaintiff must plead and prove that the supervisor had subjective knowledge of a substantial risk

of serious harm to an inmate and disregarded it.").  Plaintiff's conclusory allegations that the

County Hospital Dietician "should know" facts about dangers to plaintiff's health are insufficient

to allege personal involvement.  Accordingly, the Court declines to restore the County Hospital

Dietician to this action.

II.      <u>Service on Nurse Administrator Jouliana Petranaker</u>

      Because plaintiff has been granted permission to proceed <u>in forma pauperis</u>, he is entitled

to rely on the Court and the U.S. Marshals Service to effect service.  <u>Walker v. Schult</u>, 717 F.3d.

119, 123 n.6 (2d Cir. 2013); <u>see also</u> 28 U.S.C. § 1915(d).  To allow plaintiff to effect service on

newly-added defendant Nurse Administrator Jouliana Petranaker through the U.S. Marshals

Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and

Return forms ("USM-285 form") for defendant Nurse Administrator Jouliana Petranaker.  The

Clerk of Court is further instructed to issue summons listing defendant Nurse Administrator

Jouliana Petranaker and deliver to the Marshals Service all paperwork necessary for the Marshals

Service to effect service upon defendant Nurse Administrator Jouliana Petranaker.  The service

address for this defendant is appended to this Order.

      It is plaintiff's responsibility to ensure that service is made within 90 days of the date the

summons is issued and, if necessary, to request an extension of time for service.  <u>See</u> <u>Meilleur v.</u>

<u>Strong</u>, 682 F.3d 56, 63 (2d Cir. 2012).  Plaintiff also must notify the Court in writing if

plaintiff's address changes, and the Court may dismiss the action if he fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to complete the USM-285 form with the address for the listed defendant and deliver all documents necessary to effect service on defendant Nurse Administrator Jouliana Petranaker to the U.S. Marshals Service.

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: September 8, 2021
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

4

APPENDIX

1) Nurse Administrator Jouliana Petranaker
   Rockland County Correctional Facility
   53 New Hempstead Road
   New City, New York 10956