Copy mailed by chambers on 7-5-22 DH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MICHAEL J. MONROE,                              :
                         Plaintiff,             :
                                                :
v.                                              :        **OPINION AND ORDER**
                                                :
COUNTY OF ROCKLAND; MASI, Food                  :        21 CV 5244 (VB)
Service Supervisor; and JOULIANA                :
PETRANAKER, H.S.A. Nurse Administrator,         :
                         Defendants.            :
-------------------------------------------------------------x

Briccetti, J.:

Plaintiff Michael J. Monroe, proceeding pro se and in forma pauperis, brings this Section

1983 action against defendants the County of Rockland; Food Service Supervisor Masi

("Supervisor Masi"); and H.S.A. Nurse Administrator Jouliana Petranaker ("Nurse Petranaker").

Liberally construed, plaintiff alleges the diet he was provided when incarcerated violated his

Eighth Amendment rights.

Now pending is defendants' motion to dismiss the amended complaint pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. #14).

Plaintiff did not oppose the motion, despite having been granted an extension of time to

do so.  (Docs. ##23–24).

For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN

PART.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

During the complained-of events, plaintiff was incarcerated at Rockland County Correctional Facility in New City, New York.

Plaintiff alleges he is a vegetarian and has Type II diabetes.  (Doc. #10 ("Am. Compl.") at ECF 4–5).[1]  According to the materials attached to his amended complaint, plaintiff was on a "medical[ly] recommended diabetic diet with low fat food items."  (Id. at ECF 9).

Plaintiff alleges the food he was provided when incarcerated was inhumane.  Specifically, he alleges Supervisor Masi planned meals on a seven-day schedule, and that plaintiff was provided "the same exact thing on the same exact day of the week every week" from June 2020 to at least September 2021.  (Am. Compl. at ECF 4).  Plaintiff states his meals lacked "proper nutrients and calories," and he alleges he was served pasta with plain sauce six or seven days a week.  (Id.).  Moreover, plaintiff contends he was, at some point, occasionally served fish, but he was not being served fish at all by the time he filed the complaint.  According to plaintiff, he filed "numerous grievances" about the inadequacy of his diet.  (Id. at ECF 4).

Plaintiff also alleges his diet posed a serious health risk in light of his Type II diabetes. For example, plaintiff contends eating so much pasta caused him to gain fifty-nine pounds and develop pre-myocarditis and lower back pain, and also caused his blood sugar to spike. According to plaintiff, his blood sugar levels put him at risk of diabetic coma, organ failure, and

---

[1]      "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

limb amputation.  Moreover, plaintiff alleges he complained to Nurse Petranaker that the amount

of pasta he was served was dangerous to his health, but that no changes were made to his diet.

**DISCUSSION**

I.    <u>Standard of Review</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative

complaint under "the two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v.</u>

<u>Iqbal</u>, 556 U.S. 662, 679 (2009).[2]  First, a plaintiff's legal conclusions and "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements," are not entitled

to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  <u>Id</u>. at 678;

<u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard

of "plausibility."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,

557 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678.  "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully."  <u>Id</u>. (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 556).

In deciding a Rule 12(b)(6) motion, the Court "may consider the facts alleged in the

complaint, documents attached to the complaint as exhibits, and documents incorporated by

---

[2]      Unless otherwise indicated, case quotations omit all internal citations, quotation marks,
footnotes, and alterations.

reference in the complaint." <u>DiFolco v. MSNBC Cable L.L.C.</u>, 622 F.3d 104, 111 (2d Cir. 2010).

The Court must liberally construe submissions of <u>pro se</u> litigants and interpret them "to raise the strongest arguments that they suggest." <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). Applying the pleading rules permissively is particularly appropriate when, as here, a <u>pro se</u> plaintiff alleges civil rights violations. <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a <u>pro se</u> case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Chavis v. Chappius</u>, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. <u>Id</u>.

II.    <u>Conditions of Confinement</u>

Defendants argue plaintiff does not plausibly allege a conditions-of-confinement claim against Supervisor Masi.

The Court agrees.

A.    <u>Legal Standard</u>

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Courts have construed the Eighth Amendment to protect a prison inmate's right to "conditions of confinement" that are "at least 'humane.'" <u>Gaston v. Coughlin</u>, 249 F.3d 156, 164 (2d Cir. 2001) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994)). To that end, "[t]he Eighth Amendment requires nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." <u>Willey v. Kirkpatrick</u>, 801 F.3d 51, 69 (2d Cir. 2015).

To state a conditions-of-confinement claim, a plaintiff must plausibly allege an objective and a subjective component.  See Gaston v. Coughlin, 249 F.3d at 164.

To allege the objective component, a plaintiff "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health."  Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013).  For example, prison officials may violate the Eighth Amendment when they "contaminate[ ] inmates' meals," Robles v. Coughlin, 725 F.2d 12, 16 (2d Cir. 1983), or do not provide daily meals.  See Encarnacion v. Goord, 669 F. App'x 61, 62 (2d Cir. 2016) (summary order).[3]  Allegations that the food served is "unpleasant" do not state a constitutional claim.  See McGriff v. Keyser, 2019 WL 6033421, at *10 (S.D.N.Y. Nov. 13, 2019) (collecting cases).

In some cases, a plaintiff may state the objective component of a conditions-of-confinement claim based on inadequate nutrition.  See Willey v. Kirkpatrick, 801 F.3d at 69.  However, a plaintiff must offer more than conclusory statements that his meals are not nutritious.  See, e.g., Constant v. Prack, 2019 WL 3287818, at *14–15 (S.D.N.Y. July 19, 2019).

To allege the subjective component of a conditions-of-confinement claim, a plaintiff must allege a "defendant acted with 'more than mere negligence.'"  Walker v. Schult, 717 F.3d at 125 (quoting Farmer v. Brennan, 511 U.S. at 835).  "To constitute deliberate indifference, the prison official must know of, and disregard, an excessive risk to inmate health or safety."  Id.  A plaintiff may plausibly allege this component when he asserts "a risk was obvious or otherwise must have been known to a defendant."  See id.

---

[3]     Plaintiff will be provided copies of all unpublished opinions cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

B.    Application

Liberally construed, plaintiff attempts to assert two conditions-of-confinement claims against Supervisor Masi arising from the planning and preparation of plaintiff's meals.  That is, plaintiff contends his meals (i) do not include adequate variety or nutrition, and (ii) pose a serious risk to his health because of his Type II diabetes.

1.    Inadequate Variety and Nutrition

Plaintiff does not plausibly allege the objective component of a conditions-of-confinement claim against Supervisor Masi with respect to the allegations that his meals did not include adequate variety or nutrition.  In other words, plaintiff does not allege facts sufficient to show a lack of variety or nutrition in his food "present[ed] an immediate danger to [his] health and well being."  Willey v. Kirkpatrick, 801 F.3d at 69.

First, plaintiff's allegations that he was forced "to eat the same exact thing on the same exact day of the week every week" do not state a constitutional claim.  (Am. Compl. at ECF 4).  Although the conditions plaintiff describes are unpleasant, especially for over a year, a lack of variety in prison food does not rise to the level of a constitutional violation.  See, e.g., Whitenack v. Armor Med., 2013 WL 2356110, at *1, *6–7 (E.D.N.Y. May 28, 2013) (allegations that prison "does not rotate the menu," which causes inmates to be "served the same food for months," do not state an Eighth Amendment claim).

Second, plaintiff's allegation that he is no longer being served fish also does not state a constitutional claim.  "Absent religious or medically peculiar circumstances," prisons are not obligated to offer inmates specific foods.  See Word v. Croce, 169 F. Supp. 2d 219, 226 (S.D.N.Y. 2001).

6

Third, plaintiff's assertion that his meals do not provide "the proper nutrients and calories" is conclusory and thus does not sufficiently state a constitutional claim.  (Am. Compl. at ECF 4).  Plaintiff states that many of his meals include pasta and none includes fish, but even liberally construing these allegations, they do not rise to the level of a constitutional violation. See, e.g., Hill v. Napoli, 2014 WL 1322476, at *14 (W.D.N.Y. Mar. 31, 2014) (conclusory allegations that inmate was deprived of food do not state constitutional claim), appeal dismissed, 2015 WL 13927286 (2d Cir. Mar. 13, 2015).

Because plaintiff does not plausibly allege the objective component of a conditions-of-confinement claim in this respect, the Court does not reach whether plaintiff has plausibly alleged the subjective component.

Accordingly, plaintiff's conditions-of-confinement claim based on the alleged inadequate variety and nutrition in his diet must be dismissed.

2.    Diabetes

Plaintiff does not plausibly allege the subjective component of a conditions-of-confinement claim against Supervisor Masi with respect to plaintiff's allegations that his diet posed a serious risk to his health in light of plaintiff's Type II diabetes.  Specifically, even assuming plaintiff has stated the objective component of a conditions-of-confinement claim, plaintiff does not adequately allege Supervisor Masi knew plaintiff's diet caused or could have caused serious health consequences.

According to materials attached to plaintiff's complaint, plaintiff filed a grievance in 2021 complaining his meals were not adequately nutritious, and Supervisor Masi knew about his grievance.  (Am. Compl. at ECF 8).  The materials also suggest Supervisor Masi knew plaintiff had diabetes.  (Id.).  There is no suggestion, however, that Supervisor Masi was aware plaintiff's

meals were causing, or could cause, plaintiff serious harm.  For example, plaintiff does not offer facts suggesting he complained to Supervisor Masi that his meals were causing serious health consequences, or that it was obvious to Supervisor Masi that plaintiff's meals were causing serious health consequences.  Plaintiff's submissions suggest the opposite—that Supervisor Masi's menus were examined and approved by a state-certified dietician "to ensure [plaintiff's] meals contain the proper amount of nutrients and calories."  (Id.).  Thus, plaintiff has not adequately alleged the subjective component of a conditions-of-confinement claim against Supervisor Masi with respect to plaintiff's diabetes.  Abreu v. Lipka, 778 F. App'x 28, 32 (2d Cir. 2019) (summary order) ("While Abreu may have adequately pled the objective element of an inadequate nutrition claim, his complaint fails to state a claim because it does not allege . . . any facts from which it could be inferred that [the parties responsible for imposing this diet] understood the diet would cause him significant physical harm.  Without more, his inadequate nutrition claim must fail.").

Accordingly, plaintiff's conditions-of-confinement claim based on plaintiff's diabetes must be dismissed.

III.    Deliberate Indifference to Serious Medical Needs

Defendants contend plaintiff does not plausibly allege a medical-needs claim against Nurse Petranaker.

The Court disagrees.

Courts have also construed the Eighth Amendment to protect prison inmates' rights to adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 104–05 (1976).  To state a medical-needs claim, a plaintiff must plausibly allege an objective and a subjective component. Salahuddin v. Goord, 467 F.3d 263, 279–80 (2d Cir. 2006).

To plead the objective component of a medical-needs claim, a plaintiff must plausibly allege a "sufficiently serious" inadequacy in his medical care.  Salahuddin v. Goord, 467 F.3d at 279–80.  That is, a plaintiff must adequately plead he "was actually deprived of adequate medical care" and that such deprivation was "sufficiently serious," which turns on "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner."  Id.

To plead the subjective component of a medical-needs claim, a plaintiff must allege the prison official acted with "deliberate indifference," which is the equivalent of "subjective recklessness."  Salahuddin v. Goord, 467 F.3d at 280.  "This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result."  Id.

Here, liberally construed, plaintiff plausibly alleges a medical-needs claim against Nurse Petranaker.

First, plaintiff plausibly alleges a sufficiently serious deprivation of medical care. Plaintiff alleges he suffers from Type II diabetes and was prescribed a specific diet accordingly. (Am. Compl. at ECF 5, 8–9).  Moreover, he alleges his meals were inconsistent with his prescribed diet, and he suffered serious health consequences as a result, including an increased risk of limb amputation, diabetic coma, and organ failure.  (Id. at ECF 6).  This alleged deprivation is sufficiently serious to state the objective component of a medical-needs claim. See, e.g., Edmonds v. Cent. N.Y. Psychiatric Ctr., 2011 WL 3809913, at *4–6 (S.D.N.Y. Aug. 25, 2011) (incarcerated plaintiff plausibly alleged medical-needs claim based on prison doctor's failure to treat plaintiff's diabetes).

9

Second, plaintiff plausibly alleges Nurse Petranaker acted with deliberate indifference to the purported denial of his prescribed diet.  Plaintiff alleges he informed Nurse Petranaker he suffered from Type II diabetes and that his meals were causing serious health issues and putting him at risk for more serious health issues.  (Am. Compl. at ECF 5–6).  Further, taking plaintiff's allegations as true, his fifty-nine-pound weight gain would have been obvious to Nurse Petranaker during an exam.

Moreover, plaintiff does not allege he received any treatment for his purportedly worsening health or that any action was taken to provide him his prescribed diet.  Although "further factual development may reveal more detail about the knowledge and involvement—or lack thereof—of [Nurse Petranaker], at this stage, the Court is obliged to read the Complaint liberally and, as such, finds that [plaintiff] has alleged enough about [her] knowledge and subsequent inaction to" state the subjective component of a medical-needs claim.  Hernandez v. City of New York, 2017 WL 2242965, at *5 (S.D.N.Y. May 22, 2017).

Accordingly, plaintiff's medical-needs claim against Nurse Petranaker may proceed.

IV.   Municipal Liability

Defendants contend plaintiff's claims against Rockland County must be dismissed because plaintiff does not plausibly allege the existence of an official policy or custom that led to violations of his constitutional rights.

The Court agrees.

A municipality is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury."  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

A plaintiff may state a claim for municipal liability by alleging the existence of an official policy or custom that caused the deprivation of his constitutional rights. Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012).

In the absence of an official policy or custom, a plaintiff may state a claim for municipal liability by alleging a municipality's "unconstitutional practices were so widespread, persistent, and manifest" that a court may infer the existence of an official policy or custom. See Hu v. City of New York, 927 F.3d 81, 104–05 (2d Cir. 2019). A plaintiff may also state a claim for municipal liability by alleging a municipal policymaker officially or constructively ratified the actions of an individual subordinate who violated his constitutional rights. Id. at 104.

Here, plaintiff does not allege his injuries were caused by an official policy or custom. As explained above, plaintiff plausibly alleges Nurse Petranaker was deliberately indifferent to his serious medical needs with respect to his prescribed diet. Plaintiff does not, however, allege he was deprived of an appropriate diet due to an official policy or custom of Rockland County, that a policymaker officially or otherwise ratified Nurse Petranaker's conduct, or that there was a consistent or widespread practice of not properly treating people with diabetes at Rockland County Correctional Facility. The "individual" and "isolated" acts by Nurse Petranaker are insufficient to state a claim for municipal liability. See, e.g., Cotto v. City of New York, 803 F. App'x 500, 503–04 (2d Cir. 2020) (summary order).

Accordingly, plaintiff's claims against Rockland County must be dismissed.[4]

---

[4]    Defendants also contend plaintiff's claims must be dismissed because he did not submit evidence he complied with New York's notice-of-claim requirement before bringing this case. (Doc. #16, at 18–20). However, this requirement does not apply to Section 1983 claims. Diarra v. City of New York, 771 F. App'x 69, 71 (2d Cir. 2019) (summary order).

**CONCLUSION**

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

Defendant Nurse Petranaker shall file an answer by July 19, 2022.

By separate Order, the Court will schedule an initial conference.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate defendants Masi and County of Rockland from the docket, and to terminate the motion.  (Doc. #14).

Chambers will mail a copy of this Opinion and Order to plaintiff at the address on the docket.

Dated: July 5, 2022
        White Plains, NY

                                        SO ORDERED:

                                        _____
                                        Vincent L. Briccetti
                                        United States District Judge